UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL K. MITCHELL,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>    Defendants. | Case No. 3:17-cv-00973<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

On April 10, 2020, Defendants Adebayo Akinduro, Jimmy Alexander, Frank Bumbalough, Joanna Cornett, Virginia Davis, Frederick Estes, Teresa Ellen Flach, Michael Robertson, Charles Talley, and Clinton Turner, Jr., moved for leave to file pro se "Plaintiff Michael Mitchell's medical records and documents stating the contents of those medical records under seal." (Doc. No. 132, PageID# 647.) The defendants stated that all of their anticipated summary judgment documents, except for the motion itself, would "reference [Mitchell's] medical records, which contain confidential, personal information" and requested leave to file those documents under seal. (*Id.*) The Court granted the defendants' motion without analysis (Doc. No. 133), and the defendants' summary judgment documents—including their supporting memorandum of law, exhibits, and statement of undisputed facts (Doc. Nos. 136, 136-1–136-15, 137)—are currently filed under seal.

This Court has discretion to reconsider and modify interlocutory orders at any time before final judgment. *See In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (holding that "[d]istrict courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment" (alteration in original) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991))). For the reasons that follow, the Court finds that it is necessary to reconsider its order

granting the motion to seal. Because the defendants have not satisfied the rigorous standards to justify sealing public court records, the motion to seal will be denied, and the Clerk of Court will be directed to unseal the defendants' summary judgment documents.

**I.        Legal Standard**

"The public has a strong interest in obtaining the information contained in the court record[,]" and there is a "'strong presumption'" that court records be open. *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (alteration omitted) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179–80 (6th Cir. 1983)). This presumption of openness rest on the idea that, among other things, "the public is entitled to assess for itself the merits of judicial decisions" and has a strong interest in viewing the evidence and arguments on which courts base those decisions. *Id.* A party seeking to seal court documents therefore bears a heavy burden: "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). In general, "only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence is typically enough to overcome the presumption of public access." M.D. Tenn. R. 5.03(a) (contents of motion to seal). The party seeking to seal all or part of a record "must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)); *see also* M.D. Tenn. R. 5.03(a) (requiring that motions to seal "specifically analyz[e] in detail, document by document, the propriety of secrecy, providing factual support and legal citations").

## II. Analysis

The Court finds that the defendants' cursory reference to confidential and personal information in Mitchell's medical records is not enough to justify sealing the presumptively public court records at issue here. *Cf. Tyson v. Regency Nursing, LLC*, No. 3:17-CV-91, 2018 WL 632063, at *1 (W.D. Ky. Jan. 30, 2018) (finding that "a mere reference to HIPPA does not mean that the Court should automatically grant [defendant's] motion to seal"). First, the defendants have not provided the detailed, document-by-document analysis complete with legal citations required by Sixth Circuit precedent and this Court's Local Rules. *See Shane Grp.*, 825 F.3d at 305–06; M.D. Tenn. R. 5.03(a). Second, Mitchell placed his medical condition at issue by filing this action against the defendants for constitutional violations related to his medical needs. (Doc. Nos. 1, 114.) Courts in this circuit recognize that "plaintiffs who place their medical condition at issue waive any applicable privileges or statutory protections that their medical records would have otherwise had." *Tyson*, 2018 WL 632063, at *1; *see also Kitchen v. Corizon Health, Inc.*, No. 1:16-cv-190, 2017 WL 5197115, at *2 n.3 (W.D. Mich. Nov. 10, 2017) ("Prisoners claiming deliberate indifference to serious medical needs place their medical condition and the medical care that they have received directly at issue and thereby waive whatever privileges or statutory protection the medical records may have previously enjoyed under HIPAA."); *Mathews v. Guardian Life Ins. Co. of Am.*, No. 1:98-CV-00106, 2014 WL 1681693, at *1 (N.D. Ohio Apr. 28, 2014) (denying motion to seal and finding that plaintiff "waived any right to confidentiality of her medical records when she made her medical condition and diagnoses at issue").

## III. Conclusion

Accordingly, the Court's prior order (Doc. No. 133) regarding the defendants' motion to seal is VACATED; the defendants' motion for leave to file documents under seal (Doc. No. 132) is DENIED for the reasons set forth in this Memorandum Order; and the Clerk of Court is

DIRECTED to unseal the defendants' summary judgment documents (Doc. Nos. 136, 136-1–136-15, 137).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge